# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19 MJ 007

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| HARRY JAMES ODUM, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter came before the Court and was heard on February 25, 2019 on the "Motion for Waiver of Speedy Trial and the Right to Have Charges Presented to Grand Jury Within 30 Days from Arrest on Criminal Complaint/Warrant" ("Motion for Waiver") (Doc. 11). At the conclusion of the hearing, the Court took the Motion for Waiver under advisement. This Order now follows.

A criminal complaint (Doc. 1) was filed against Defendant on January 16, 2019. Defendant was arrested the same day.

Defendant appeared before the Court on January 18, 2019 for his initial appearance.

A preliminary hearing was conducted on January 23, 2019, following which the Court determined that probable cause existed. Fed. Rule. Crim. Proc. 5.1. Defendant waived his right to a detention hearing at that time.

On January 25, 2019, Defendant filed a Motion for Detention Hearing and Release on Bond to an Inpatient Treatment Program (Doc. 8). The Motion was denied following a hearing on January 28, 2019.

On February 21, 2019, the Motion for Waiver was filed. The Motion for Waiver requests that Defendant be permitted to "waive his rights to a speedy trial and the right to have said charges presented to a Grand Jury within 30 days pursuant to 18 U.S.C. § 3161". (Doc. 11). The Motion for Waiver states that this deadline is on or about February 21, 2019 (the same day the Motion for Waiver was filed). The Motion for Waiver also indicates that the Government intends to present the matter to a Grand Jury during the week of March 18, 2019 or, at the latest, during the week of April 1, 2019.

Though the Motion for Waiver asks the Court to endorse a waiver of *Defendant's* rights under the Speedy Trial Act, the public also has an interest in a speedy trial.[1] Further, while the preamble to the Motion for Waiver indicates it is being filed by Defendant, the document has been executed by counsel for the Government, counsel for Defendant, and Defendant himself. Therefore, the Court considers the Motion for Waiver to be a joint motion seeking an extension of the deadline by which a bill of information or indictment must be filed pursuant to 18 U.S.C. §3161(b).

Such a motion may be allowed where the Court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" pursuant to 18 U.S.C. § 3161(h)(7)(A). See United States v. Mathurin, 690 F.3d 1236, 1241–42 (11th Cir. 2012) ("It is clear Congress specifically contemplated the possibility that one or both parties, for reasons not listed in the Act, might need more than thirty days before an information or indictment could be filed. For those cases, it

---

[1] At the hearing, the Government did note that the public interest should be considered.

established a specific procedure by which a court would have to approve the delay based on on-the-record 'findings that the ends of justice served by taking such [a delay] outweigh the best interest of the public and the defendant in a speedy trial.'").

With regard to the basis for the Motion for Waiver, the parties state that the investigation of the "incident serving as the basis for the criminal charges in this case is continuous and ongoing". (Doc. 11). Further, at the hearing, the Government cited Defendant's cooperation in the investigation as a reason for an extension of the deadline to file an information or indictment. Counsel for Defendant stated that the extension was in Defendant's best interest.

After consideration of the Motion for Waiver, the statements of counsel during the hearing, and a review of applicable authorities, including specific consideration of the provisions and factors appearing in 18 U.S.C. § 3161(h)(7), the Court finds and concludes that the ends of justice served by extending the deadline for the Government to file a bill of information or indictment outweigh the best interests of the public and Defendant in a speedy trial, and further that the time between the filing of the Motion for Waiver (February 21, 2019) and the extended deadline for the filing of a bill of information or indictment allowed by this Order (April 5, 2019) should be excluded from Speedy Trial Act computations pursuant to 18 U.S.C. § 3161(h)(7)(A). Accordingly, the Motion for Waiver (Doc. 11) will be allowed. See United States v. Anglin, 470 F. App'x 511, 513 (7th Cir. 2012).

**IT IS THEREFORE ORDERED THAT:**

1. The Motion for Wavier (Doc. 11) is **GRANTED**; and,

2. The deadline for the Government to file a bill of information or indictment in this case is **EXTENDED** to and including April 5, 2019.

Signed: March 6, 2019

W. Carleton Metcalf
United States Magistrate Judge